UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

ROBERT LEE TUBBS,

   Defendant.

_____/

Criminal No. 20-20161

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION
FOR RECONSIDERATION OF DETENTION ORDER [17]**

This matter is before the Court on Defendant Robert Tubb's emergency motion for reconsideration of the Court's order denying bond. (ECF No. 17.) Defendant asks the Court to reconsider its order denying bond in light of the COVID-19 pandemic. The Government opposes the motion and opposes releasing Defendant from custody. The parties have fully briefed the issues and the Court concludes that a hearing on the motion is not necessary. For the reasons set forth below, the Court **DENIES** the motion.

**DISCUSSION**

After a lengthy detention hearing, Magistrate Judge Stafford found Defendant posed a danger to the community and risk of flight and therefore ordered his detention pending trial. (ECF No. 10.) On the motion of Defendant (ECF No. 14), the Court reviewed the record *de novo* and agreed with Judge Stafford's findings and conclusions. On March 17, 2020, the Court entered its order denying Defendant's motion for bond. (ECF. No 16.)

1

Defendant now moves for reconsideration of the Court's order denying bond. Although Defendant frames his motion as a motion for reconsideration, Defendant does not address any palpable error or defect in the Court's original order denying bond. He also does not seriously discuss any of the 18 U.S.C. § 3142(g) factors or challenge the factual findings underlying Judge Stafford's or this Court's detention order. Instead, Defendant argues he should be released from custody because of the COVID-19 pandemic. Thus the question before the Court is whether the outbreak and threat of COVID-19 constitutes a change in circumstances, compelling and necessary reason, or exceptional circumstance warranting Defendant's release on bond notwithstanding the Court's original findings and the substantial evidence of Defendant's dangerousness and risk of flight.

In his motion, Defendant primarily asserts generalized concerns about the COVID-19 pandemic. Indeed, most of his motion is devoted to threats that the COVID-19 virus potentially poses to the entire prison population. Defendant also claims to suffer from underlying health conditions that may place him at additional risk if he is ultimately infected. Specifically, he states that he suffered from asthma when he was a child, and that in February 2020, doctors saw early signs of bronchitis when they performed x-rays on his chest. And lastly, Defendant argues for release under § 3142(i) because the COVID-19 crisis is preventing him from meeting with counsel and preparing his defense for trial.

The Court agrees with Defendant that COVID-19 is a serious public health concern. The Court also agrees with Defendant that the threat of COVID-19 may constitute a compelling reason or exceptional circumstance warranting the release of a

defendant on bond. However, having considered the entire record in this matter, the Court finds Defendant's generalized concerns about the risk of contracting the virus do not warrant his release pending trial under either § 3142 or § 3145(c) in light of the record in this matter.

The Court further finds that Defendant fails to establish that he suffers from pre-existing conditions that place him at a greater risk of harm or amount to an exceptional circumstance demanding his release on bond under the circumstances. Although Defendant claims to have suffered from asthma as a child, Defendant does not present any evidence concerning the history and scope of this condition. Defendant also does not present any evidence concerning his possible bronchitis diagnosis from February 2020. Moreover, as the Government points out, Defendant is in no greater danger of contracting COVID-19 than any other detainee, and the BOP has instituted numerous precautionary measures to mitigate the spread of the virus. While detained, Defendant will have access to on-site medical professionals to monitor his health and the health of those around him. There is nothing in the record establishing that Defendant's medical needs would not be met while detained, or that release is otherwise necessary. There is also nothing in the record to establish that Defendant would be less likely to be exposed to the virus, or would receive better care if infected, outside of detention.

Furthermore, to the extent Defendant has already been exposed to the virus, releasing Defendant creates additional risks and danger to the public at large. The Court finds that granting Defendant's requested relief may well endanger the public, pretrial services officers, and local law enforcement officers who are already operating under the strain of limited resources.

Finally, the Court finds Defendant fails to satisfy his burden under § 3142(i) to establish that his temporary release is necessary to prepare his own defense for trial. *See United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020) (observing that the defendant bears the burden to establish circumstances warranting temporary release under § 3142(i)).  No defendant detained in a Michigan jail has consistent access to counsel at this time.  The Court is cognizant of the issues this presents for all criminal defendants and will take attorney access issues into account when considering the trial date in this case.  But the temporary impediments to Defendant's ability to meet with counsel in light of the precautions in place to prevent the spread of the COVID-19 virus do not necessitate Defendant's release at this time.

## **CONCLUSION**

The Court previously found the Government proved by clear and convincing evidence that Defendant presents a danger to the community and a risk of flight, and that no condition or combination of conditions could reasonably assure the safety of the community and his appearance in court.  Having reviewed the record in its entirety in this matter, the Court finds that Defendant fails to establish that the risks presented by the COVID-19 pandemic warrant his release.  Accordingly, and for the above-stated reasons, Defendant's motion is **DENIED.**

    **SO ORDERED.**

                                                              s/Nancy G. Edmunds
                                                             Nancy G. Edmunds
                                                             United States District Judge

Dated:  April 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2020, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager